NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10426 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00348-PMP-RJJ-1 |
| v. | |
| JEFFREY THOMAS COMSTOCK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted July 14, 2011[**]
San Francisco, California

Before: SILVERMAN and GRABER, Circuit Judges, and LYNN, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barbara M. G. Lynn, United States District Judge for
the Northern District of Texas, sitting by designation.

Jeffrey Comstock appeals the district court's denial of a motion to suppress evidence supporting his drug conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The district court did not err in holding that two traffic violations provided probable cause for the trooper to stop the car. Nev. Rev. Stat. §§ 484.361(1)(c) and 484.305(1)(b) (2008); *Whren v. United States*, 517 U.S. 806, 810-13 (1996).

Comstock's claim that the trooper unreasonably prolonged the detention is not supported by the record. During the first five minutes of the stop, the trooper pulled the car over, requested Comstock's license and the car registration, had Comstock exit the vehicle, and explained the traffic violations. The trooper then made a simultaneous records request for Comstock and the passenger, who was the registered owner of the car. None of these actions violated Comstock's Fourth Amendment rights. *Arizona v. Johnson*, 129 S. Ct. 781, 786 (2009); *United States v. Diaz-Castaneda*, 494 F.3d 1146, 1152-53 (9th Cir. 2007). The records request took only four minutes, and the trooper did not need separate reasonable suspicion to ask Comstock about his travel while waiting for an answer to the records check. *United States v. Mendez*, 476 F.3d 1077, 1080-81 (9th Cir. 2007). As soon as the records request was complete, the trooper returned the documents to Comstock and advised Comstock that he was free to leave. At that point, only nine minutes had

2

elapsed. The record does not support Comstock's argument that the stop was unnecessarily prolonged.

Comstock's claim that he was not free to leave at the end of the stop also is not supported by the record. The trooper returned the documents, told Comstock that he was free to leave, and allowed Comstock to walk away before asking if he could ask another question. The trooper did not have his gun drawn and was not threatening. The mere fact that the trooper asked Comstock's permission to ask another question did not render Comstock's consent involuntary or constitute a seizure. *Martinez-Medina v. Holder*, No. 06-75778, 2011 WL 855791, at *4 (9th Cir. Mar. 11, 2011).

Nor did the district court clearly err by finding that Comstock's written consent to search the car was voluntary and knowing. Consent is voluntary if, under the totality of the circumstances, it was "freely and intelligently given.*" United States v. Basher*, 629 F.3d 1161, 1167 (9th Cir. 2011). In this case, Comstock was not in custody. Rather, he had been told that he was free to leave. The trooper advised Comstock that he did not need to consent or to sign the form and that the consent form was not a traffic ticket. Comstock verbally consented and then read and signed the written consent form. The consent form provided that "no promises, threats, force, or physical or mental coercion of any kind" had been

used to obtain consent. Finally Comstock did not appear to be disoriented and was coherent. The record does not support Comstock's claims that he was not free to leave or was too intoxicated to consent to the search of the car.

Finally, the district court did not clearly err by finding that Comstock's *Miranda* waiver was knowing or err by holding that the *Miranda* waiver was voluntary. The waiver is voluntary if it was made by "free and deliberate choice rather than intimidation, coercion, or deception" and knowing if "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Cox v. Del Papa*, 542 F.3d 669, 675 (9th Cir. 2008) (internal quotation marks omitted). There is no evidence of intimidation, coercion, or deception by the agents in this case. Comstock waived his *Miranda* rights at the beginning of the interview after the agent read Comstock his rights and gave him a written copy of his rights. Comstock confirmed that he understood his rights, signed the waiver, and agreed to answer questions. He was coherent, responsive, aware of his surroundings, and gave a detailed confession. The record does not support Comstock's claim that his written waiver was not voluntary or that he was too intoxicated to waive his rights.

**AFFIRMED.**

4